**FILED**
MAY 1 4 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOHN JOLLY and PATRICIA A. JOLLY, )
       Plaintiffs, )
       v. )
GERALD M. SHAPIRO and DAVID S. )
KREISMAN, individually and doing business )
SHAPIRO & KREISMAN, a partnership, )
       Defendants. )

Case No. 02 C 1828

Judge Charles R. Norgle

Magistrate Judge Nan R. Nolan

DOCKETED
MAY 1 5 2002

## ANSWER TO COMPLAINT

Defendants Gerald M. Shapiro and David S. Kreisman, individually and members of Shapiro & Kreisman, LLC, incorrectly named as a partnership, answer plaintiffs' complaint as follows:

### INTRODUCTION

"1.    Plaintiffs bring this action to secure redress for defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ('FDCPA')."

ANSWER: Defendants admit that plaintiffs bring this action, but deny that there have been any violations of the Fair Debt Collection Practices Act.

### JURISDICTION AND VENUE

"2.    This Court has subject matter jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367."

ANSWER: Defendants deny that this Court has jurisdiction under 28 U.S.C. §1337, but admit that jurisdiction is otherwise proper under 28 U.S.C. §1331 and 1367.

"3.    Venue in this District is proper because defendants do business here."

ANSWER: Defendants admit the allegations in this paragraph.

## PARTIES

"4. Plaintiffs are husband and wife and reside in a home which they own at 11235 S. Sangamon Street, Chicago, IL 60643."

ANSWER: Defendants admit the allegations in this paragraph.

"5. Plaintiffs are consumers as defined in the FDCPA, in that the debt at issue in this case is residential mortgage loan obtained for personal, family or household purposes, namely refinancing of existing personal debts."

ANSWER: Defendants admit the allegations in this paragraph.

"6. Defendants are two attorneys who conduct business as Shapiro & Kreisman, a partnership, at 4201 Lake Cook Road, First Floor, Northbrook, IL 60062. Their practice consists largely of collecting residential mortgage loans for others."

ANSWER: Defendants admit that Gerald M. Shapiro and David S. Kreisman are attorneys and that they are members of Shapiro & Kreisman, LLC located at 4201 Lake Cook Road, Northbrook, IL 60062. Defendants deny all of the remaining allegations in this paragraph.

"7. Defendants are debt collectors as defined in the FDCPA."

ANSWER: Defendants deny that Gerald M. Shapiro and David S. Kreisman are debt collectors as defined in the FDCPA. Defendants admit that Shapiro & Kreisman, LLC is a debt collector as defined in the FDCPA.

## FACTS

"8. In December 2001, defendants sent plaintiff John Jolly, via the United States Mail, the collection demand attached as Exhibit A and plaintiff Patricia A. Jolly the collection demand attached as Exhibit B. Plaintiffs received them shortly after they were sent."

ANSWER: Defendants deny that Gerald M. Shapiro or David S. Kreisman sent plaintiffs the letters attached as Exhibits A and B to the complaint. Defendants admit that

2

Shapiro & Kreisman sent plaintiffs the letters attached as Exhibits A and B to the complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of all of the remaining allegations in this paragraph.

"9.     Exhibits A is the first letter John Jolly received from defendants and Exhibit B is the first letter Patricia A. Jolly received from defendants. On information and belief, they are the first letters defendants sent to plaintiffs."

ANSWER: Defendants deny that Gerald M. Shapiro or David S. Kreisman sent Exhibits A and B to plaintiffs. Defendants admit that Shapiro & Kreisman sent Exhibits A and B to plaintiffs. Defendants are without knowledge or information sufficient to form a belief as to the truth of all of the remaining allegations in this paragraph.

"10.    Exhibits A and B represent a form letter intended by defendants for use as the initial communication to be sent to a debtor."

Defendants deny all of the allegations in this paragraph.

## VIOLATION COMPLAINED OF

"11.    The form represented by Exhibits A-B fails to comply with 15 U.S.C. §1692g, in that it fails to state the amount owed as of the date of the letter, as required, Miller v. McCalla, Miller, 214 F. 3d 872 (7th Cir. 2000). In addition, it requires that any dispute be in writing, which is not correct."

ANSWER: Defendants deny that the letters attached as Exhibits A and B fail to comply with 15 U.S.C. §1692g or with Miller v. McCalla, 214 F. 3d 872 (7th Cir. 2000). Defendants admit that the letters attached as Exhibits A and B require that any dispute be in writing but deny that such a requirement violates the FDCPA. Defendants deny all of the remaining allegations in this paragraph.

3

## **CLASS ALLEGATIONS**

"12. Plaintiffs bring this claim on behalf of a class, consisting of all individuals who satisfy the following criteria:

   a. They were sent a letter in the form represented by Exhibits A-B by defendants;

   b. In connection with a residential mortgage loan;

   c. On or after a date one year prior to the filing of this action."

ANSWER: Defendants admit that plaintiffs purport to bring this action on behalf of a class, but deny that this case is appropriately brought as a class action. Defendants deny that there is an aggrieved class consisting of individuals who satisfy any of the alleged criteria in a, b and c, above.

"13. The class is so numerous that joinder of all members is impracticable. Defendants file hundreds of foreclosures per year and send a letter similar to Exhibit A in each case."

ANSWER: Defendants deny all of the allegations in this paragraph.

"14. There are questions of law and fact common to the members of the class, which questions predominate over any questions affecting only individual class members. The principal question is whether Exhibit A violates the FDCPA."

ANSWER: Defendants deny all of the allegations in this paragraph.

"15. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories."

ANSWER: Defendants deny all of the allegations in this paragraph.

"16. Plaintiffs will fairly and adequately represent the members of the class. Plaintiffs have retained counsel experienced in the prosecution of class actions and FDCPA claims."

ANSWER: Defendants admit that Plaintiffs have retained experienced counsel, but

deny all of the remaining allegations in this paragraph.

"17.  A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.    Defendants have inflicted similar injuries to a large number of persons through a single course of conduct;

      b.    Individual actions are not economical;

      c.    Congress expressly contemplated FDCPA class actions as a means of enforcing the statute."

ANSWER:  Defendants deny all of the allegations in this paragraph.

                                Gerald M. Shapiro, David S. Kreisman, individually and members of Shapiro & Kreisman, LLC,

                                By: _____
                                            One of Their Attorneys

Eugene J. Kelley, Jr.
Anna-Katrina S. Christakis
Jeffrey D. Pilgrim
Arnstein & Lehr
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
(312) 876-7100
Firm ID # 25188

5

## CERTIFICATE OF SERVICE

Anna-Katrina S. Christakis, an attorney, certifies that on May 14, 2002, she served Defendants' Answer to Plaintiffs' Complaint by mailing a copy to the individuals listed below, by depositing it in the U.S. mail at 120 South Riverside Plaza, Chicago, Illinois 60606, proper postage provided:

> Daniel A. Edelman
> Cathleen M. Combs
> James O. Latturner
> Francis R. Greene
> Edelman, Combs & Latturner, LLC
> 120 S. LaSalle Street, 18th Floor
> Chicago, Illinois 60603

*[signature]*

720882_2