Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1828 | **DATE** | 9/3/2002 |
| **CASE TITLE** | John Jolly, et al. vs. Gerald M. Shapiro, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and Recommendation recommending that the District Court grant the plaintiffs' motion for class certification [2-1] is hereby entered of record.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 04 2002 | |
| | Notified counsel by telephone. | | date docketed | 26 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| KM | courtroom deputy's initials | 02 SEP -3 PM 4:41 Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN JOLLY and PATRICIA A. JOLLY,<br><br>Plaintiffs,<br><br>v.<br><br>GERALD M. SHAPIRO and DAVIS S., KREISMAN, individually and doing business as SHAPIRO & KREISMAN,<br><br>Defendants. | No. 02 C 1828<br><br>Judge Charles R. Norgle<br><br>Magistrate Judge Nan R. Nolan |

## REPORT AND RECOMMENDATION

Plaintiffs John Jolly and Patricia A. Jolly bring this putative class action against Defendants Gerald M. Shapiro and Davis S. Kreisman, alleging that the defendants' form collection letters violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Specifically, the plaintiffs contend that the form letters (1) fail to state the amount owed as of the date of the letter, and (2) incorrectly state that any disputes must be made in writing. The case has been referred to this Court for decision on the plaintiffs' motion for class certification (Docket Entry #13). For the reasons discussed below, the Court recommends that the District Court GRANT the plaintiffs' motion for class certification.

### Background

Plaintiffs John Jolly and Patricia A. Jolly are married and live in Chicago, Illinois. The plaintiffs obtained a residential mortgage loan to refinance their personal debts. The plaintiffs are "consumers" as defined by the FDCPA. Defendants Shapiro and Kreisman conduct business as a

legal partnership the primary practice of which consists of collecting residential mortgage loans for creditors. The defendants are "debt collectors" as defined by the FDCPA.

On December 24-25, 2001, the defendants sent a form collection letter to each plaintiff.[1] Each letter states that "[a]s of December 13, 2001, our client has advised that the amount of the debt is [dollar amount]." The plaintiffs' complaint alleges that the form letters violate the FDCPA because the letters do not state the amount owed as of the date of the letter. The form letters also state that "[i]f you notify us in writing within thirty (30) days of the date you receive this letter that you are disputing the debt or any portion thereof . . . then we will obtain and mail to you verification of the debt . . . ." The plaintiffs' complaint also alleges that the form letters violate the FDCPA because the letters require that any dispute must be made in writing. The defendants admit that between March 2001 and March 2002, they sent out more than one hundred collection letters containing the "as of [a date certain]" and the "notify us in writing" provisions.

## Discussion

The plaintiffs seek to certify the following class under Federal Rule of Civil Procedure 23(b)(3): All individuals who satisfy the following criteria: (i) They were sent a letter by the defendants in the form represented by appendices A-B to the plaintiffs' motion for class certification; (ii) The letters were sent in connection with a residential mortgage loan; and (iii) The letters were sent on or after a date one year prior to the filing of this action. (Pls.' Mot. for Class Certification at 1.)

---

[1] In an apparent mistake, each letter contains two dates: December 24, 2001 and December 25, 2001.

-2-

The putative class representatives (hereinafter referred to as "the plaintiffs") bear the burden of establishing that all of the requirements for class certification are satisfied. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). The plaintiffs must establish that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In order to certify a class under Federal Rule of Civil Procedure 23(b)(3), the court must also find that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

The defendants' primary arguments in opposition to class certification rest on their assumption that the plaintiffs will have to prove that they were actually confused by the collection letters in order to prevail. For example, the defendants argue that the plaintiffs' claims are not typical of the claims of the putative class members because the plaintiffs testified at their depositions that they were not confused by the collection letters. The defendants also contend that the plaintiffs cannot meet Rule 23's requirements of commonality and superiority because proof of actual confusion will necessarily depend on individual determinations regarding each putative plaintiff. In response, the plaintiffs state that proof of actual confusion is not necessary because they are seeking only statutory damages. The plaintiffs are correct that a FDCPA plaintiff need not prove actual confusion in order to recover statutory damages. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997) (noting that statutory damages are available even though the debtor did not read the collection

letter); *see also Kort v. Diversified Collections Servs., Inc.*, No. 01 C 0689, 2001 WL 1617213, at *2 (N.D. Ill. Dec. 17, 2001) (stating that "[p]roof of actual damages is not required for an award of statutory damages [under the FDCPA]"). Accordingly, the defendants' arguments based on their assumption that the plaintiffs must prove actual confusion are misplaced.

Regardless of whether a defendant challenges each prerequisite to class certification, the Court must analyze each requirement enumerated in Rule 23. *See General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982) (stating that a court may certify a class action only if it concludes that each requirement of Rule 23 has been satisfied); *Isaacs v. Sprint Corp.*, 261 F.3d 679, 682 (7th Cir. 2001) (same). Accordingly, the Court will address whether the plaintiffs have established each requirement necessary to the certification of a class action.

## A. Numerosity

The plaintiffs must establish that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). To establish numerosity, plaintiffs are not required to provide an exact number of class members. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). Generally, a plaintiff can satisfy the numerosity requirement by demonstrating that there are at least forty potential plaintiffs. *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001) (citing 5 James Wm. Moore et al., *Moore's Federal Practice* § 23.22[3][a] (3d ed. 1999)); *In re Bank One Sec. Litig./First Chicago Shareholder Claims*, No. 00 CV 0767, 2002 WL 989454, at *3 (N.D. Ill. May 14, 2002) (noting that courts in the Northern District of Illinois have certified classes of less than thirty potential plaintiffs). The defendants admit that between March 2001 and March 2002, they sent out more than one hundred collection letters containing the "as of [a date certain]" and the

"notify us in writing" provisions. Accordingly, the Court concludes that the plaintiffs have met Rule 23's numerosity requirement.

## B. Commonality

The plaintiffs must establish that there are questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). A common nucleus of operative fact is typically found where "the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (collecting cases). In this case, each of the members of the putative class received one of two form collection letters from the defendant. The legal issues common to each member of the proposed class is whether the two challenged provisions of those form letters violate the FDCPA. Accordingly, the Court concludes that the plaintiffs have satisfied Rule 23's commonality requirement. *Parker v. Risk Management Alternatives, Inc.*, 206 F.R.D. 211, 213 (N.D. Ill. 2002) (holding that Rule 23's commonality requirement was satisfied where defendant mailed class members form collection letters that allegedly violated FDCPA); *Valentine v. ECC Management Serv., Inc.*, No. 01 C 5677, 2001 WL 1242302, at *2 (N.D. Ill. Oct. 17, 2001) (same).

## C. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A court's analysis of whether a representative party's claims are typical of the class members' claims is closely related to the court's commonality inquiry. *Keele*, 149 F.3d at 595. The Seventh Circuit has reasoned that "'[a] plaintiff's

claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other members and his or her claims are based on the same legal theory' . . . even if there are factual distinctions between the claims of the named plaintiffs and those of other class members." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (quoting H. Newberg, *Class Actions* § 1115(b), at 185 (1977)); *see also Stewart*, 275 F.3d at 227-28; *Adams v. R.R. Donnelley & Sons*, Nos. 98 C 4025, 96 C 7717, 2001 WL 336830, at *5 (N.D. Ill. Apr. 6, 2001) (reasoning that "[s]imilarity of legal theory is more important than factual similarity"). The typicality inquiry focuses on the relationship between the class representative and the class members: the court must determine whether "the named plaintiff's interests align[] with those of the proposed class in such a way that the representative, in pursuing his own claims, will also advance the interest of the class." *Rahim v. Sheahan*, No. 99 C 0395, 2001 WL 1263493, at *14 (N.D. Ill. Oct. 19, 2001).

In this case—as in *Keele v. Wexler*—the defendants engaged in the same course of conduct towards the plaintiffs and the other putative class members. In *Keele*, the Seventh Circuit held that the plaintiff's claim was typical of the claims of the other class members because the defendant mailed the same standard collection letters to the plaintiff and to each class member. *Keele*, 149 F.3d at 594; *see also Parker*, 206 F.R.D. at 213 (same); *Valentine*, 2001 WL 1242302, at *2 (same). This case is no different. Here, the defendants sent the same form collection letters to the plaintiffs and to the putative class members. Accordingly, the Court concludes that the plaintiffs' claims are typical of the claims of the proposed class members.

### D. Adequacy of Representation

The plaintiffs must establish that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This prerequisite consists of the following

factors: (1) whether the plaintiffs' attorney is qualified, experienced, and generally able to conduct the proposed litigation; (2) whether the class representatives have interests that are antagonistic to the class; and (3) whether the class representatives have a sufficient interest in the case to assure vigorous advocacy. *Retired Chicago Police Ass'n*, 7 F.3d at 598; *In re Bank One Sec. Litig.*, 2002 WL 989454, at *5; *Hobson v. Lincoln Ins. Agency, Inc.*, No. 99 C 5619, 2001 WL 648958, at *2 (N.D. Ill. June 7, 2001).

### 1. Adequacy of Counsel

The Court concludes that the plaintiffs' attorneys can fairly and adequately protect the interests of the class. Attached to the plaintiffs' motion are affidavits from the plaintiffs' attorneys that summarize their qualifications and relevant experience. These affidavits establish the following: (1) Attorney Daniel A. Edelman is an experienced consumer-rights class action attorney. In addition to his litigation experience, Mr. Edelman has published several articles on the FDCPA (as well as numerous articles in other areas of consumer litigation); (2) Attorney Cathleen M. Combs has served as lead or co-counsel in several class action litigations; (3) Attorney James O. Latturner has significant class-action experience, including experience as lead counsel in over thirty class actions; (4) Attorney Tara L. Goodwin—a principal of Edelman, Combs & Latturner—has participated in many of the class actions litigated by her firm. (Pls.' Mot. for Class Certification, Ex. D.) The Court concludes that the plaintiffs' attorneys have sufficient qualifications and class action experience to conduct this litigation.

## 2. Adequacy of Class Representatives

### (a) Whether the Class Representatives Have Interests that are Antagonistic to the Class

The Supreme Court has held that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (internal quotation and citation omitted). "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim for representative status." 7A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1768, at 327 (2d ed. 1986). The Court concludes that the representatives of the proposed class do not have interests that are antagonistic to the class. All class members have a common interest in establishing that the defendants' form collection letters violate the FDCPA.

### (b) Whether the Class Representatives Have a Sufficient Interest in the Case to Assure Vigorous Advocacy

A class must have a "conscientious representative plaintiff." *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991). The burden of establishing this standard is not heavy; a class representative need only possess general knowledge of the case and participate in discovery. *Sebo v. Rubenstein*, 188 F.R.D. 310, 316 (N.D. Ill. 1999); *Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998). The record indicates that the class representatives have participated in discovery and, based on the information they provided during discovery, that they have general knowledge of this case. (Defs.' Response to Pls.' Mot. for Class Certification, Exs. C, D.) Therefore, the Court concludes that the class representatives will fairly and adequately protect the interests of the class.

## E. Predominance

To certify a class under Rule 23(b)(3), the Court must find that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b). In this case, the legal issue common to all class members is whether the form collection letters violate the FDCPA. The legality of the collection letters is the most significant issue in this case.[2] Accordingly, the Court concludes that issues common to the members of the class predominate over any questions affecting only individual members. *See* Charles Wright, et al., *supra* § 1778, at 528 (stating that "[w]hen common questions represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for having the dispute on a representative rather than on an individual basis").

## F. Superiority

A court certifying a class under Rule 23(b)(3) also must find that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In *Peoples v. Sebring Capital Corp.*, No. 01 C 5676, 2002 WL 406979, at *9 (N.D. Ill. Mar. 15, 2002), the court noted that a class action was superior to other available methods based in part on the court's determination that it was "quite likely that the vast majority of class members [are] unaware of the alleged . . . violation[, and e]ven if they were so informed, they would probably

---

[2] The defendants offer the conclusory assertion that this case is "replete with individual claims and defenses." (Defs.' Resp. to Pls.' Mot. for Class Certification at 13.) However, the defendants' response does not identify these individual claims and defenses. The only individual determination referenced in the defendants' response is the defendants' assumption that the plaintiffs must establish actual confusion in order to prevail. As noted previously, this assumption is incorrect. *Supra* at 3-4.

lack sufficient incentive to bring individual actions." The same is true of the class members in this case. Moreover, given the size of the potential class, a class action is a more efficient method for resolving the claims of the individual class members. Finally, the Court notes that the claims of each individual class member may be too small to provide an incentive to file individual FDCPA claims against the defendants. *See id.* (collecting cases); *Parker*, 206 F.R.D. at 213; Charles Wright, et al., *supra* § 1779, at 556 (stating that "individual actions . . . may be an inferior alternative to the class action when the economics of the situation make it impossible for the aggrieved members to vindicate their rights by separate actions"). Accordingly, the Court concludes that a class action is superior to other methods for the fair and efficient adjudication of the controversy.

**Conclusion**

For the foregoing reasons, this Court recommends that the District Court GRANT the plaintiffs' motion for class certification and CERTIFY the following class under Rule 23(b)(3):

> All individuals who satisfy the following criteria: (i) They were sent a letter by the defendants in the form represented by appendices A-B to the plaintiffs' motion for class certification; (ii) The letters were sent in connection with a residential mortgage loan; and (iii) The letters were sent on or after a date one year prior to the filing of this action.

(Pls.' Mot. for Class Certification at 1.) Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object within the specified time period constitutes waiver of the right to appeal. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

ENTER:

*[signature: Nan R. Nolan]*

**Nan R. Nolan**

**United States Magistrate Judge**

Dated: Sept 3, 2002