**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN JOLLY and PATRICIA A. JOLLY, | ) | |
|     Plaintiffs, | ) | |
| v. | ) | Case No. 02 C 1828 |
| GERALD M. SHAPIRO and DAVID S. KREISMAN, individually and doing business SHAPIRO & KREISMAN, a partnership, | ) ) ) | Judge Charles R. Norgle<br><br>Magistrate Judge Nan R. Nolan |
|     Defendants. | ) | |

FILED SEP 16 2002 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

**DEFENDANTS' OBJECTION TO THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

Defendants, Gerald M. Shapiro and David Kreisman, individually and doing business as Shapiro & Kreisman, LLC ("Shapiro & Kreisman") submit the following Objection to the Magistrate Judge's September 3, 2002, Report and Recommendation ("R&R"), recommending that Plaintiffs' Motion for Class Certification be granted.[1]

**BACKGROUND**

By December 2001, plaintiffs, John Jolly and Patricia Jolly (collectively, "plaintiffs"), had failed to make their monthly mortgage payments, and were in default under the terms of their mortgage. The holder of the mortgage, Bankers Trust Company of California ("Bankers Trust"), retained Shapiro & Kreisman to initiate foreclosure proceedings.

In December 2001, using the information provided to it on behalf of Bankers Trust, Shapiro & Kreisman sent separate letters to John Jolly and Patricia Jolly, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. A copy of the letter sent

---

[1] A copy of Magistrate Judge Nolan's Report and Recommendation is attached as Exhibit 1 and is cited herein as "R&R at __."



to John Jolly is attached as Exhibit A to plaintiffs' Complaint. A copy of the letter sent to Patricia Jolly is attached as Exhibit B to plaintiffs' Complaint.

Plaintiffs' Complaint, brought on their own behalf and on behalf of a purported class, alleges that the letters sent by Shapiro & Kreisman violated the FDCPA in two respects: (1) the unambiguous statement of the total amount of plaintiffs' debt was stated as of a date other than the date of the letter; and (2) the letter stated that "[i]f you choose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us in writing thirty (30) days of the date your [sic] receive this letter."

On April 1, 2002, plaintiffs filed a motion for class certification. This Court referred the motion to Magistrate Judge Nan R. Nolan for a report and recommendation.

The parties conducted class-related discovery, which undisputedly shows that plaintiffs clearly understood all of the information contained in the letters sent to them. In their depositions, plaintiffs testified that they understood that the amount of their debt was $74,671.69 as of December 13, 2001, as stated in the letters. Plaintiffs admitted that this accurately stated the amount of their debt. Plaintiffs acknowledged that they were not confused by the language calling for disputes as to the indebtedness to be submitted in writing. In sum, plaintiffs were not at all confused by the content of the letters.

Shapiro & Kreisman has admitted that it sent letters similar to the subject letters to more than 100 individuals. No evidence has been offered that any individuals other than the Jollys actually received the letters, and the proposed certification order refers only to letters "sent" rather than letters "received." In addition, plaintiffs are currently defending a foreclosure action in the Circuit Court of Cook County, Illinois, which was brought against

2

them by Bankers Trust, and have asserted several affirmative defenses.

## ARGUMENT

Respectfully, Magistrate Judge Nolan's recommendation should be rejected. Plaintiffs' motion for class certification should be denied because plaintiffs have not established each requirement necessary for certification of a class action.

While Federal Rule of Civil Procedure 72 provides for the referral of pretrial matters to a federal magistrate judge, a motion for class certification may not be decided independently by a magistrate. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). The District Court must make the final determination on the motion, and the court "is required to 'make a *de novo* determination of those portion of the report or specified proposed findings or recommendations to which objection is made.'" *Anderson v. New Dimension Fin. Servs.*, 00 C 3725, 2001 WL 1155251, *1 (N.D. Ill. Sept. 28, 2001) (Guzman, J.), *quoting* 28 U.S.C. § 636(b)(1). When making its *de novo* determination, the District Court "owes no deference to the magistrate judge's findings and conclusions." *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 904 (3d Cir. 1992). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Bennett v. Roberts*, 96 C 6917, 2000 WL 781868, *1 (N.D. Ill. 2000) (Plunkett, J.).

On a motion to certify a class action, the putative class representatives bear the burden of establishing each of the requirements for class certification. *See Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). Pursuant to Rule 23, plaintiffs must establish that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims

3

or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a). Further, plaintiffs must make the additional showings that (1) "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and (2) that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

Here, plaintiffs have not established the necessary "commonality," "typicality," "adequacy," "numerosity," "predominance," or "superiority" required for class certification. Accordingly, the Magistrate Judge's recommendation should be rejected, and plaintiffs' motion should be denied.

### A. Plaintiffs have failed to establish the required "commonality" and "typicality" necessary for class certification.

To certify a class under Rule 23, plaintiffs must prove that "there are questions of law or fact common to the class" and that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a). The "commonality" and "typicality" requirements are closely related, and they "ensure that only those plaintiffs or defendants who can advance the same factual and legal arguments may be grouped together as a class." Mace v. Van Ru Credit Corp., 109 F.3d 338, 341 (7th Cir. 1997). Plaintiffs have not established that their claims are common or typical of the claims of the putative class. In fact, there are several significant variations that render plaintiffs' claims uncommon and atypical of the claims of the putative class.

First, plaintiffs have unequivocally admitted that they were not confused by any of the information contained in the subject letters, including the statement of the total amount

4

of their debt. Admittedly, plaintiffs are seeking only statutory damages under the FDCPA and proof of "actual confusion" is not required. See Bartlett v. Heibl, 128 F.3d 497, 499 (7th Cir. 1997). Nonetheless, to sustain their claim, plaintiffs must still establish that the words contained in the letters were confusing to the "unsophisticated consumer." Id. at 500. This is what the FDCPA is all about.

Defendants do <u>not</u> contend that actual confusion is a necessary element of plaintiffs' case, but rather that the purported class representatives' admitted lack of confusion demonstrates that the <u>words in the letters were not confusing</u>. Plaintiffs' admitted lack of confusion also severely undercuts any claims of putative class members because it demonstrates that the individual claims arising from <u>their</u> evidence are <u>not</u> "common" or "typical" of the claims of the prospective class.

Secondly, the letters sent to and received by plaintiffs contained an unambiguous statement of plaintiffs' total debt calculated as of a date eleven days prior to the date of the letter. Defendants emphatically maintain that this statement of the total debt did not violate the requirements of the FDCPA. For this and other reasons, defendants have moved for summary judgment.[2] Defendants have stipulated that they sent over 100 letters containing the "as of (a date certain)" statement of the total debt, but plaintiffs have made no effort to demonstrate that any of these "dates certain" were dates other than the dates of the letters. The absence of proof on this issue demonstrates, among other things, a lack of "commonality" and "typicality" between plaintiffs' claims and the potential claims of a putative class, even if, *arguendo*, there were something legally wrong with plaintiffs' letters.

---

[2] Defendants' motion, and plaintiffs' cross-motion for summary judgment, are still being briefed before this Court.

5

Again, there is nothing wrong with those letters.

The FDCPA requires only a statement of the total debt as of a date certain, which defendants did here. However, plaintiffs have argued that the time gap between the statement of the debt and the date of the letter is significant. According to plaintiffs, "[i]f it was just a gap of a day between the statement of the amount due and the mailing of the letter, defendant's violation of the § 1692g(a)(1) and McCalla, Raymer would not be so egregious." (Pls' Memo. in Opp. to Defs' Mtn. for Summ. Jdmt. at 7.)[3] Ironically, this very argument explains the necessity for individualized inquiry. Because there is no contention (let alone any evidence) of a uniform "gap," plaintiffs' claims are not "common" or "typical" of the claims of any class of individuals who "were sent a letter by the defendants in the form represented by appendices A-B to the plaintiffs' motion for class certification." (R&R at 10.)

Finally, the question of when a FDCPA violation occurs remains open in the Seventh Circuit. See Bartlett, 128 F.3d at 499. Some courts have ruled that a FDCPA violation occurs only upon a consumer's receipt of the FDCPA communication. Compare Bates v. C&S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir. 1992) (violation only upon receipt), and Seabrook v. Onondaga Bureau of Med. Economics, Inc., 705 F. Supp. 81, 83 (N.D.N.Y. 1989) (same), with Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995) (violation upon mailing), and Friedman v. Anvan Corp., Case No. 97 C 2364, 1998 WL 559779 (N.D. Ill. Aug. 28, 1998) (Castillo, J.) (same). The class recommended by the Magistrate Judge does not recognize this issue. Instead, the "class" merely consists of individuals who "were sent a letter by the defendants." (R&R at 10.) To make matters

---

[3] This begs the question that if a one-day gap is acceptable, why not two or three

6

worse, plaintiffs have offered no evidence of other individuals who actually received a letter from defendants.

Plaintiffs' claims are not "common" or "typical" of the claims of the putative class. As a result, this Court should reject the Magistrate Judge's recommendation and deny plaintiffs' motion for class certification.

**B.  Plaintiffs have failed to establish the required "adequacy" necessary for class certification.**

Rule 23 requires that the named plaintiffs be "fair and adequate" representatives for the class. As one court explained,

> Adequate representation is the foundation of all representative actions, and embodies the due process requirement that each litigant is entitled to his day in court. Because a class action judgment would bind absent class members, strict enforcement of [subsection (a)(4)] is vitally necessary in order to ensure that protection to absent parties which due process requires. Thus, due process requires that absent class members be adequately represented in order to prevent a collateral attack on the judgment.

*Gomez v. Illinois State Bd. of Educ.*, 117 F.R.D. 394, 400-01 (N.D. Ill. 1987) (citations omitted). Here, plaintiffs' motion should be denied and the Magistrate Judge's recommendation should be rejected, because plaintiffs have failed to establish that they are adequate representatives for the putative class.

First, the variances between plaintiffs' claims and the claims of the putative class stated above apply equally here and demonstrate that plaintiffs are not "adequate" class representatives.

Secondly, plaintiffs understood the words in the letters. Their testimony presents direct evidence which contradicts the class contention that the words are confusing. Under

---

days? Or eleven?

7

these circumstances, how can plaintiffs cannot be adequate class representatives?

Finally, as this case is pending, plaintiffs are also defending and have raised affirmative defenses in a foreclosure action arising out of their delinquent mortgage debt that was the subject of the letters at issue. Therefore, as plaintiffs bring this action and seek to represent a class of similarly situated individuals, they are involved in a concurrent and related proceeding. This unique situation is likely to create individual incentives and litigation objectives that are not shared by or in the best interest of the class they seek to represent.

For the reasons set forth above, plaintiffs cannot satisfy the "adequacy" requirement for certification of a class.

### C. Plaintiffs have failed to establish the required "numerosity" necessary for class certification.

Rule 23 also requires plaintiffs to prove that the prospective class is so numerous that joinder of all members is impracticable. However, plaintiffs have failed to prove—and there is no evidence to establish—that the required "numerosity" exists in this case. Instead, there is only speculation.

As stated above, plaintiffs have ignored the question of whether any other individuals actually received a letter from defendants. Further, while arguing that the length of the time gap may be outcome determinative, plaintiffs have provided no evidence of the time gap for the putative class members or that they share a common time gap. Plaintiffs' complete failure to identify any other similarly situated individuals, not to mention sufficiently "numerous" individuals, requires that plaintiffs' motion for class certification be denied.

8

**D.   Plaintiffs have failed to establish the required "predominance" or "superiority" necessary for class certification.**

To certify a class under Rule 23(b)(3), the Court must find that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Neither requirement is satisfied here.

Even if plaintiffs' allegations presented any triable claims—and, as explained in defendants' pending motion for summary judgment, they do not—the members of the purported class present a host of variations and variables which prevent common questions from predominating. As explained above, plaintiffs' claims differ from the claims of the putative class with respect to, among other things, whether a letter from defendants was actually received, whether the debt was calculated as of the date of the letter, and the amount of time, if any, between the date the debt was calculated and the date of the letter. Accordingly, the "predominance" requirement is clearly lacking.

Moreover, the lack of a predominance of common issues between the claims of plaintiffs and the potential class members clearly indicates that a class action is not a superior method of adjudication. This is especially true in light of the disturbing potential for infringement of individuals' Seventh Amendment rights where, as here, the purported class is replete with individual variations. *See, e.g., In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1304 (7th Cir. 1995). Further, a class action is not superior because "[c]lass certification magnifies and strengthens the number of unmeritorious claims" and,

> [i]n addition to skewing trial outcomes, class certification creates insurmountable pressure on defendants to settle, whereas individual trials would not. *See* Peter H. Schuck, *Mass Torts: An Institutional Evolutionist Perspective*, 80 Cornell L. Rev. 941, 958 (1995). The risk of facing an all-or-

9

> nothing verdict presents too high a risk, even when the probability of an adverse judgment is low. *Rhone-Poulenc*, 51 F.3d at 1298. These settlements have been referred to as judicial blackmail.

*Castano v. American Tobacco Co.*, 84 F.3d 735, 751 (5th Cir. 1996).

For these reasons and the reasons set forth above, plaintiffs' claims are not "common" or "typical" of the claims of the putative class. As a result, this Court should reject the Magistrate Judge's recommendation and deny plaintiffs' motion for class certification.

## CONCLUSION

For each and all of the foregoing reasons, this Court should reject the Magistrate Judge's recommendation of September 3, 2002, and deny plaintiffs' motion for class certification.

Respectfully submitted,

Gerald M. Shapiro, David S. Kreisman, individually and doing business as Shapiro & Kreisman, LLC

By: _____
One of their Attorneys

Eugene J. Kelley, Jr.
Anna-Katrina S. Christakis
Jeffrey D. Pilgrim
Arnstein & Lehr
120 South Riverside Plaza, Suite 1200
Chicago, IL 60606
(312) 876-7100

## CERTIFICATE OF SERVICE

Jeffrey D. Pilgrim, an attorney, certifies that on September 16, 2002, he served the foregoing **Defendant's Objection to the Magistrate Judge's Report and Recommendation** on the individuals listed below, proper postage provided, and depositing same in the U.S. mail at 120 South Riverside Plaza, Chicago, Illinois 60606.

    Daniel A. Edelman
    Cathleen M. Combs
    James O. Latturner
    Francis R. Greene
    Edelman, Combs & Latturner, LLC
    120 S. LaSalle Street, 18th Floor
    Chicago, IL 60603

*See Case File for Exhibits*